## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SYMBOLOGY INNOVATIONS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **MERCK & CO., INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Symbology Innovations, LLC ("Symbology" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Merck & Co., Inc., (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Symbology, from U.S. Patent Nos. 8,424,752 (the "'752 patent", attached hereto as Exhibits A); 8,651,369 (the "'369 patent", attached hereto as Exhibits B); 8,936,190 (the "'190 patent", attached hereto as Exhibits C); and 7,992,773 (the "'773 patent", attached hereto as Exhibits D) (collectively the "Patents-In-Suit") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.     Plaintiff Symbology is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

3.      Upon information and belief, Defendant is a company organized under the laws of Delaware, having a principal place of business at 2000 Galloping Hill Road, Kenilworth, NJ 07033. Upon information and belief, Defendant may be served with process at The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having the right to transact business in New Jersey, as well as because of the injury to Symbology, and the cause of action Symbology has risen, as alleged herein.

6.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New Jersey Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in New Jersey and in this judicial district.

7.      Defendant has conducted and does conduct business within the state of New Jersey, including the geographic region within the District of New Jersey, directly or through intermediaries, or offers and advertises (including through the use of interactive web pages with company literature) products or services, or uses services or products in New Jersey, including this

2

judicial district, in a manner that infringes the Patents-In-Suit.

8.      Specifically, Defendant solicits business from and markets its services to consumers within New Jersey, including the geographic region within the District of New Jersey, by providing products/services that requires the use of a method for presenting information about an object on a portable electronic device, as described in the Patents-In-Suit.

9.      In addition to Defendant's continuously and systematically conducting business in New Jersey, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of New Jersey including Defendant's use of a method for presenting information about an object on a portable electronic device, as described in the Patents-In-Suit.

10.     Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FACTUAL ALLEGATIONS

### *'752 patent*

11.     On April 23, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '752 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

12.     Symbology is presently the owner of the patent, having received all right, title and interest in and to the '752 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '752 patent, including the exclusive right to recover for past infringement.

13.     The '752 patent contains three independent claims and twenty-five dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '752 patent.

3

14.     The invention claimed in the '752 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

*'369 patent*

15.     On February 18, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '369 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

16.     Symbology is presently the owner of the patent, having received all right, title and interest in and to the '369 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '369 patent, including the exclusive right to recover for past infringement.

17.     The '369 patent contains three independent claims and twenty-five dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '369 patent.

18.     The invention claimed in the '369 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

*'190 patent*

19.     On January 20, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '190 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

20.     Symbology is presently the owner of the patent, having received all right, title and interest in and to the '190 patent from the previous assignee of record. Symbology possesses all

4

rights of recovery under the '190 patent, including the exclusive right to recover for past infringement.

21.     The '190 patent contains three independent claims and seventeen dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '190 patent.

22.     The invention claimed in the '190 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

*'773 patent*

23.     On August 9, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '773 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

24.     Symbology is presently the owner of the patent, having received all right, title and interest in and to the '773 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '773 patent, including the exclusive right to recover for past infringement.

25.     The '773 patent contains three independent claims and fifteen dependent claims. Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '190 patent.

26.     The invention claimed in the '773 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

<u>COUNT I</u>
<u>INFRINGEMENT OF THE '752 PATENT</u>

27.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 26.

28.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '752 patent

29.     Defendant has had knowledge of infringement of the '752 patent at least as of the service of the present complaint.

30.     On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 5, of the '752 patent by using and/or incorporating Quick Response Codes (QR codes) in company literature in a manner covered by one or more claims of the '752 Patent. Defendant has infringed and continues to infringe the '752 Patent in violation of 35 U.S.C. § 271.

31.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in company literature, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on Defendant's Ethical Operating Standards Handbook.

32.     For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its company literature.  On information and belief, Defendant has captured a digital image of a QR code associated with company literature, an example of which is shown below.



33.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and company literature.

34.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the product or service associated with the QR code).  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

35.     For example, if a user scans a QR code associated with Defendant's company literature, scanning technology decodes the pattern of the QR code to obtain a decode string and

sends the decode string to a remote server. The server returns information associated with the QR

code. In this example, the information received by the user and displayed on the portable electronic

device is information related to Defendant's products/services, and includes a website providing

additional information about the product/service as shown below.



36.     On information and belief, Defendant, at least during internal use and testing, uses

a visual detection system (e.g., a smartphone camera and QR code scanning application) that is

configured to automatically detect symbology (e.g., the QR code scanning application and its

associated camera will automatically detect symbology in a QR code when said code is scanned).

37.     By engaging in the conduct described herein, Defendant has injured Symbology

and is thus liable for infringement of the '752 patent, pursuant to 35 U.S.C. § 271.

38.     Defendant has committed these acts of infringement without license or

authorization.

39.     As a result of Defendant's infringement of the '752 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

40.     Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

**COUNT II**
**INFRINGEMENT OF THE '369 PATENT**

41.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 40.

42.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '369 patent.

43.     Defendant has had knowledge of infringement of the '369 patent at least as of the service of the present complaint.

44.     On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 5, of the '369 Patent by using and/or incorporating Quick Response Codes (QR codes) in company literature in a manner covered by one or more claims of the '369 Patent. Defendant has infringed and continues to infringe the '369 Patent in violation of 35 U.S.C. § 271.

45.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in company literature, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on FedEx Office company literature.

46.     For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its company literature.  On information and belief, Defendant has captured a digital image of a QR code associated with its company literature, an example of which is shown below.



47.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and company literature.

48.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the products or service associated with the QR code).  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent

to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

49.     For example, if a user scans a QR code associated with Defendant's company literature, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server.  The server returns information associated with the QR code.  In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products/services, and includes a website providing additional information related to the product as shown below.



50.     On information and belief, Defendant, at least during internal use and testing, uses a visual detection system (e.g., a smartphone camera and QR code scanning application) that is

configured to automatically detect symbology (e.g., the QR code scanning application and its associated camera will automatically detect symbology in a QR code when said code is scanned).

51.     By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '369 patent, pursuant to 35 U.S.C. § 271.

52.     Defendant has committed these acts of infringement without license or authorization.

53.     As a result of Defendant's infringement of the '369 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

54.     Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT III
## INFRINGEMENT OF THE '190 PATENT

55.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 54.

56.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '190 patent.

57.     Defendant has had knowledge of infringement of the '190 patent at least as of the service of the present complaint.

58.     On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 5, of the '190 Patent by using and/or incorporating Quick

Response Codes (QR codes) in company literature in a manner covered by one or more claims of the '190 Patent. Defendant has infringed and continues to infringe the '190 Patent in violation of 35 U.S.C. § 271.

59.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in company literature, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on FedEx Office company literature.

60.     For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its company literature.  On information and belief, Defendant has captured a digital image of a QR code associated with its company literature, an example of which is shown below.



61.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a

smart phone for example, to capture a digital image of the QR code associated with its products/services and company literature.

62.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device. The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the products or service associated with the QR code). On information and belief the scanning technology is used to decode the symbology to obtain a decode string. The decode string is sent to a remote server for further processing. Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

63.     For example, if a user scans a QR code associated with Defendant's company literature, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server. The server returns information associated with the QR code. In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products, and includes a website providing additional information related to the product as shown below.



64.    On information and belief, Defendant, at least during internal use and testing, uses a visual detection system (e.g., a smartphone camera and QR code scanning application) that is configured to automatically detect symbology (e.g., the QR code scanning application and its associated camera will automatically detect symbology in a QR code when said code is scanned).

65.    By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '190 patent, pursuant to 35 U.S.C. § 271.

66.    Defendant has committed these acts of infringement without license or authorization.

67.    As a result of Defendant's infringement of the '190 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

68.     Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT IV
## INFRINGEMENT OF THE '773 PATENT

69.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 68.

70.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '773 patent.

71.     Defendant has had knowledge of infringement of the '773 patent at least as of the service of the present complaint.

72.     On information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 4, of the '773 Patent by using and/or incorporating Quick Response Codes (QR codes) in company literature in a manner covered by one or more claims of the '773 Patent. Defendant has infringed and continues to infringe the '773 Patent in violation of 35 U.S.C. § 271.

73.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in its company literature, associating such QR codes with products and/or services. One specific example of Defendant's activity involves the use of QR codes on FedEx Office company literature.

74.     For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with its company literature.  On information and belief,

Defendant has captured a digital image of a QR code associated with its company literature, an example of which is shown below.



75.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and company literature.

76.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the products or service associated with the QR code).  On information and belief the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is then sent to a visual detection application residing on a portable electronic device (i.e., camera residing in the smart phone) for processing.  On information and belief the portable electronic device then

receives from the visual detection application a first amount of information about the object (e.g., URL corresponding to website associated with Defendant's products or services). After the first amount of information is received, the decode string is sent to a remote server for processing and a second amount of information (e.g., website and content related to Defendant's products or services) about the object is received by the portable electronic device. On information and belief the first and second amounts of information are then combined to obtain cumulative information (e.g., a display of both the URL and the corresponding website related to Defendant's products or services) to be displayed in the portable electronic device (e.g., on the display of the smart phone or tablet).

77.    For example, the cumulative information received by the user and displayed on the portable electronic device includes the URL and the corresponding website related to the Defendant's products/services, as shown below.



78.      Furthermore, an on information and belief, the portable electronic device utilized by Defendant, at least during internal use and testing, allows for a visual detection system (e.g. the camera functionality in combination with the QR Code Scanning application) to run in the background with respect to other systems associated with the mobile device (e.g. the QR Code scanning application and its corresponding camera functionality can run in the background in standby), the visual detection systems comprising one or more visual detection applications (e.g. QR code scanning applications) and one or more visual detection devices (e.g. the camera integrated on the smartphone), the one or more visual detection devices configured to detect the symbology associated with the object (e.g. the camera on the smartphone is configured to detect and decode QR codes via the QR code scanning application). As shown below, the visual detection systems can run in the background with respect to other systems associated with the portable electronic device.



79.     On information and belief, Defendant, at least during internal use and testing, uses a visual detection system (e.g., a smartphone camera and QR code scanning application) that is configured to automatically detect symbology (e.g., the QR code scanning application and its associated camera will automatically detect symbology in a QR code when said code is scanned).

80.     By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '773 patent, pursuant to 35 U.S.C. § 271.

81.     Defendant has committed these acts of infringement without license or authorization.

82.     As a result of Defendant's infringement of the '773 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

83.     Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

84. Symbology demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Symbology prays for the following relief:

a.      That Defendant be adjudged to have directly infringed the Patents-In-Suit either literally or under the doctrine of equivalents;

b.      That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the 'Patents-In-Suit;

c.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Symbology for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e.      That Defendant be directed to pay enhanced damages, including Symbology's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f.      That Symbology have such other and further relief as this Court may deem just and proper.


Dated: March 30, 2017                    Respectfully Submitted,

                                         By:/s/Jean-Marc Zimmerman
                                         Jean-Marc Zimmerman
                                         **Zimmerman Law Group**
                                         233 Watchung Fork
                                         Westfield, NJ 07090
                                         Tel: (908) 768-6408
                                         Fax: (908) 768-6408
                                         Email: jmz@zimllp.com

                                         Eugenio J. Torres-Oyola (*Pro Hac* Pending)
                                         **Ferraiuoli LLC**
                                         221 Plaza, 5th Floor
                                         221 Ponce de León Avenue
                                         San Juan, PR 00917
                                         Telephone: (787) 766-7000

Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font (*Pro Hac* Pending)
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF**
**SYMBOLOGY INNOVATIONS, LLC**